The objection is improper. He took it to be a rule of law, that the regularity of proceedings previous to issuing a grant was not inquirable into between two individuals. We have been taught to believe that the officers of North Carolina observed very little regularity in issuing grants. If permitted in one case, it must be in others; endless confusion will arise, and the estate of individuals and families disturbed and overturned. This may as well take place fifty or one hundred years hence as now. The law certainly never could intend that all requisites antecedent to the emanation of a grant should be proved. The State was the proper judge of that. For instance, the law requires that the land should be measured by chain carriers, in a particular manner. Suppose it were now proved that the mode prescribed by law was not complied with. Is the grant to be void? He thought not. The State had a right to confide in whom it pleased in making surveys. If Donnelson or Gordon could be trusted in one district, they might in another. *Page 26 
Several witnesses who lived within the bounds of the 32,000 acre grant, under which the plaintiff claimed, were produced. Mr. Huddleston, one of those witnesses, had an ejectment in court, in which his own claim, and the grant for the 32,000 acres were in contest; none of these witnesses claim under the defendant, Hill, nor did he claim under any of them.